**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

EDWARD WILLIAMS ,                    )
                                     )
            Petitioner,              )
                                     )
v.                                   )        Cause No. 1:23-CV-156-HAB-ALT
                                     )
LAPORTE COUNTY SHERIFF               )
AND ATTORNEY GENERAL OF THE          )
UNITED STATES,                       )
                                     )
            Respondents.             )

**OPINION AND ORDER**

Petitioner, Edward Williams, filed this petition under 28 U.S.C. §2241 seeking relief from a federal detainer that he believed was causing him to lose privileges and not have his time in state custody counted towards his federal sentence. He requested to be returned to federal custody to complete his sentence or for the detainer to be lifted. While this petition was briefing out, Williams completed his state sentence and was returned to federal custody to serve his remaining sentence. Records from the BOP inmate locator indicate that Williams' federal sentence is now complete, and he was released from BOP custody on January 10, 2025, to begin serving his term of supervision. His term of supervised release expires on January 9, 2027. For the reasons that follow, Williams' petition is DENIED.

**DISCUSSION**

### I.      Background

In 2014, Williams pled guilty in this Court to illegally possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). *United States v. Edwards*, 1:13-CR-85 (N.D. Ind.)

(Springmann, J.) (Crim. ECF Nos. 26, 27, 28, 31). The Court sentenced him to 120 months in prison. (Crim. ECF Nos. 47, 48). Williams' criminal case was reassigned to this Court in 2021.

Williams was serving his federal sentence in BOP custody at a residential reentry facility when, on June 22, 2022, he escaped and was arrested and charged in state court with dealing cocaine. (ECF No. 1 at 1; ECF No. 7 at n.1 (citing state court docket); ECF No. 13-1). Starting then, he was detained in LaPorte County Jail. At the time, Williams believed he had 16 days remaining on his federal sentence, but as a result of the escape he lost 41 days' good conduct time, leaving him with 57 days left to serve on his federal sentence. In September 2022, Williams filed a "Motion to Transport or Dismiss" in his federal criminal case, asking to be transferred back to federal custody to serve the 57 remaining days of his federal sentence, or to have those 57 days "dismissed" from his federal sentence. (Crim. ECF No. 67). He asserted that he was subject to a federal detainer while in state custody, causing him not to get credit towards his federal sentence and costing him other opportunities while in state custody. This Court denied his motion, explaining that a "'federal prisoner challenging a disciplinary decision within the federal institution must exhaust his administrative remedies before seeking' judicial review." (Crim. ECF No. 68 at 1 (quoting *Sanchez v. Miller*, 792 F.2d 694, 699 (7th Cir. 1986)). BOP records confirm that Williams unsuccessfully appealed to the BOP's Regional Office in July 2022, and that he did not further appeal to the BOP's Central Office or General Counsel before filing his Motion to Transfer or Dismiss. (ECF No. 13-2 at pp. 4-14).

In March 2023, Williams tried again by filing the present writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1).[1] He asserted again that he was subject to a federal detainer that was

---

[1] Due to a docketing error, Williams' petition was opened in his criminal case (Crim. ECF No. 69) rather than in a separate civil case. On April 10, 2023, the Clerk discovered the error and the Court directed the Clerk to open the current civil case. (ECF No. 70).

causing him to lose privileges and not have his time in state custody count towards his federal sentence. He asked either to be returned to federal custody to complete his sentence, or for the remaining 57 days of his federal sentence to be "discharged" and the detainer lifted. Williams represented that he had "exhausted all remedies before submitting this current 28 U.S.C. 2241," but he did not provide any detail or evidence.

The case lingered, in part due to a delay in service on the Defendants (ECF Nos. 7, 10, 11) and then the failure of the Defendants to appear in the action. When that issue resolved (ECF No. 12), the Government responded to the petition. (ECF No. 13). In the meantime, Williams completed both his state sentence and the imprisonment term of his federal sentence. He remains on supervision until January 2027.

## II.    Analysis

Before turning to Williams' petition, the Court first addresses whether Williams' completion of his federal sentence renders his claim that he served too much time there or that his time credits were improperly calculated, moot. It is not.

When a former inmate still serving a term of supervised release challenges the length or computation of his sentence, his case is not moot so long as he could obtain "any potential benefit" from a favorable decision. *United States v. Trotter*, 270 F.3d 1150, 1152 (7th Cir. 2001) ("Unless we are confident that [the former inmate] *cannot* benefit from success on appeal, the case is not moot."). Because there still may be some collateral consequence associated with the BOP's alleged failure to properly apply Williams' time credits, the Court will address the petition. *See Pope v. Perdue*, 889 F.3d 410, 414–15 (7th Cir. 2018) (discussing collateral consequences after release to supervised release that may keep a § 2241 petition from being moot after petitioner is released from prison).

Although mootness is not a problem, exhaustion is. A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). To obtain a writ of habeas corpus, a prisoner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Before seeking relief in federal court, however, a prisoner must exhaust administrative remedies. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (observing that the "common-law exhaustion rule applies to § 2241 actions"); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (per curiam) (courts may "review a claim concerning the computation of a sentence only after administrative remedies have been exhausted"). Exhaustion of administrative remedies requires complete exhaustion, even if the appeals process is likely to result in the denial of the requested relief. *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989).

Williams represents in his petition that he exhausted his remedies and the record shows that in July 2022 he started the administrative process by filing appeals of two incident reports (Incident Reports 3645548 and 3646704). One of those incidents resulted in Williams losing 41 days of good time credit. His appeals were unsuccessful. The next step for Williams would have been appealing to the BOP General Counsel or Central Office. 28 C.F.R. § 542.15(a). However, the documentation submitted by the Government shows that Williams made no further efforts to appeal. For this reason then, his §2241 petition must be dismissed as unexhausted.

## **CONCLUSION**

For the reasons detailed, the federal habeas corpus petition filed by Williams (ECF No. 1) is DISMISSED for lack of exhaustion. The clerk of court is DIRECTED to update Williams'

address to reflect his current address: 8040 Arbor Bend Lane , Apt. #107, Memphis, TN 38018.

The clerk is further directed to enter judgment and close this case.

SO ORDERED on July 10, 2025.

s/ Holly A. Brady
CHIEF JUDGE
UNITED STATES DISTRICT COURT